**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In Re:

ANKOD ENTERPRISE, LLC    CASE NO. 16-14706-EPK

  Debtor.        CHAPTER 11
_____/

## CREDITOR VALENCIA SQUARE RETAIL, LLC'S RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR EXPEDITED HEARING

  Creditor/Landlord, VALENCIA SQUARE RETAIL, LLC ("Valencia" or "Landlord"), by and through undersigned counsel and pursuant to 11 U.S.C. §§ 362 (b) and (d), 365, and Federal Rules of Bankruptcy Procedure 6006(b) and 9014, hereby files this Renewed Motion for Relief from the Automatic Stay and Request for an Expedited Hearing pursuant to Local Rule 9013-1(F) (the "Motion"), stating as follows:

### I.  INTRODUCTION AND BACKGROUND

  1.  On March 31, 2016 (the "Petition Date"), Debtor, ANKOD ENTERPRISE, LLC ("Debtor" or "Ankod")[1] commenced this proceeding by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code").

  2.  The Debtor, as tenant, leases certain non-residential real property located at 6609 Woolbright Road, Bay 400, Boynton Beach, Florida 33437 (the "Premises") from Valencia, as successor in interest to Woolbright Jog, LLC (the original landlord), pursuant to a to a real property

_____

[1] The Debtor operates the premises that is the subject of this Motion under the fictitious name "Aunt D's Child Care of Palm Beach."

lease dated August 25, 2009 (the "Lease").  A true and correct copy of the Lease is attached hereto as **Exhibit "A."** [2]

3.     The Debtor purportedly conducts its business operations (a children's day care center), to the extent it may still have any ongoing operations, at the Premises.

4.     Pursuant to the terms of the Lease, the Debtor is obligated to pay rent, sales tax, and other amounts, as more particularly described in the Lease, with the minimum rent and associated sales tax payable monthly in advance on the first day of each and every month during the term of the Lease.  Under the Lease, beginning January, 2015, the aggregate monthly rent payable in advance by the Debtor was $12,892.78, increasing to $13,263.78 beginning September, 2015, with said sums consisting of monthly rent in the amount of $8,050.00, common area maintenance of $2,664.00, real estate taxes of $1,449.00, plus applicable sales tax of $729.78. Pursuant to section 10.01 of the Lease, the Debtor is also required to pay all costs and expenses, including reasonable attorneys' fees, incurred by Valencia in enforcing any of the obligations of the Debtor under the Lease.

5.     The Debtor defaulted on its obligations under the terms of the Lease by failing to pay certain amounts due and owing to Valencia, including but not limited to rent and sales tax, for the months of June, 2015 and all subsequent payments due thereafter.  In accordance with the provisions of the Lease and pursuant to applicable Florida law, Valencia sent the Debtor a three-day notice dated January 12, 2016 (the "Notice"), informing the Debtor of its default and demanding that the Debtor cure the default of rent then past-due ($130,325,87) or return possession

---

[2] Valencia succeeded to the interests of its predecessor on or about March 15, 2012.  A true and correct copy of the Special Warranty Deed evidencing the aforementioned transaction is attached hereto as **Exhibit "B."**  The Lease was also subsequently assigned to the Debtor by its predecessor in interest, Ankod, Inc., pursuant to that certain Assignment and Assumption of Lease with Consent of Landlord Agreement dated March 7, 2013 (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit "C."**

of the Premises to Valencia within three (3) days thereafter.  A true and correct copy of the Notice is attached hereto as **Exhibit "D."**

6.       Debtor failed to pay the past-due rent or return possession of the Premises to Valencia within the time set forth by the Notice.

7.       As a result of the Debtor's failures, on January 22, 2016, Valencia filed a Complaint for Eviction from the Premises (the "Complaint") against the Debtor in the County Court, in and for Palm Beach County, Florida, styled as *Valencia Square Retail, LLC v. Ankod Enterprise, LLC d/b/a Aunt D's Child Care of Palm Beach*, Case No. 502015CC001000XXXXSB (the "Eviction Action").  A true and correct copy of the Complaint filed in the Eviction Action is attached hereto as **Exhibit "E."**

8.       As of the filing date of the Eviction Action, the balance due to Valencia under the terms of the Lease from the Debtor was $130,325.87.

9.       On March 16, 2016, the parties in the Eviction Action attended a court-ordered mediation conference.  The mediation conference resulted in a settlement of the pending issues in the Eviction Action, and the terms of the settlement were adopted by order of the court (the "Settlement Order").  A true and correct copy of the Settlement Order is attached hereto as **Exhibit "F."**

10.      The Settlement Order provides that:

> "Ankod Enterprise, LLC [Debtor] shall vacate the Premises and return possession to Valencia Square Retail, LLC [Landlord] on or before March 31, 2016.  If Debtor does this, Valencia shall waive its claim for attorneys' fees and costs.  If Debtor *does not* timely return possession, Valencia shall be entitled, upon filing of an affidavit of default, to *entry of an ex parte final judgment for possession and immediate issuance of a writ of possession*, and Valencia *shall be entitled to its reasonable attorney's fees and costs* incurred in this action."  (Emphasis supplied).

11.     The Settlement Order serves several different functions in connection with the ending of the landlord-tenant relationship between Valencia and the Debtor.

12.     As an initial matter, the Settlement Order, to the extent the Debtor complies with its terms, is tantamount to a final judgment of possession in the Eviction Action, serving to extinguish the Debtor's right of possession in the Premises.[3]

13.     To the extent the Debtor failed to comply with its obligations, provided Valencia with an expedited avenue of recovery for its fees and costs incurred in the Eviction Action and the immediate possession of the Premises, all without altering the extinguishment of the Debtor's right of possession in the Premises as of March 16, 2016.

14.     Finally, the Settlement Order was an adoption of the settlement terms reached by the parties during mediation, and served to modify the Lease by effectively shortening the Lease term, with a new agreed upon expiration date of March 31, 2016.

15.     The Debtor failed to comply with the terms of the Settlement Order.  Rather, instead of vacating and returning possession of the Premises to Valencia on or before March 31, 2016, the Debtor opted to file for relief under the Code on March 31, 2016.[4]

16.     Notwithstanding the Debtor's failure, the Settlement Order not only extinguished the Debtor's right of possession in the Premises, but likewise modified the term of the Lease to expire on March 31, 2016.

## II.     RELIEF REQUESTED

### A.    *The Settlement Order Extinguished the Debtor's Right of Possession in the Premises and the Lease is therefore not assumable under § 365.*

---

[3] No further action is contemplated by the plain language of Settlement Order upon Debtor's compliance with the terms contained therein.

[4] As of the Petition Date, the balance due to Valencia under the terms of the Lease from the Debtor was $147,853.43.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

14.     11 U.S.C. § 362(d) states, in relevant part, that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay-(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if---(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization…

11  U.S.C. § 362(d)(1).

15.     Section 362(g) also provides that:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11  U.S.C. § 362(g).

16.     While a debtor has the right to assume or reject executory contracts and unexpired leases pursuant to § 365, a debtor is prohibited from assuming or rejecting an unexpired lease where its right of possession of a leased premises has been extinguished pre-petition.  *See* 11 U.S.C. § 365(c); *see also In re Key Largo Watersports, Inc.,* 377 B.R. 738, 741 (Bankr. S.D. Fla. 1997).

17.     Similar to the facts here, the *Key Largo* Court had to consider the issue of whether following the entry of a final judgment of possession, but prior to the landlord's retaking of possession, a tenant had the ability to assume the subject lease under § 365.  In reaching its decision that the lease at issue was not assumable and the landlord was entitled to relief from stay under §

362, the *Key Largo* Court found that the tenant's state law right of possession was lost regardless of whether the petition was filed before the tenant was physically evicted from the premises, specifically holding that "[A] prepetition final order or judgment of eviction extinguishes the Debtor's right of possession and the lease is not an unexpired lease which may be assumed in bankruptcy under §365." *Id.* at 740.  Equally important, the *Key Largo* Court further noted that "[a]lthough § 365 is a powerful tool allowing debtors to cure defaults and assume and assign leases, this tool cannot and does not revive an expired lease and breathe new life into a debtor's already extinguished property interest." *Id.* at 741.

18.     Here, the Debtor's right of possession in the Premises was extinguished under state law upon the entry of the Settlement Order.  As such, the Lease is no longer considered unexpired (as the term is used in Section 365) and is therefore, not assumable in accordance with the provisions of Section 365 of the Code.

> **B.     Alternatively, the Settlement Agreement moved up the expiration date of the Lease term to March 31, 2016**

19.     The Debtor is not entitled to the protections afforded under 11 U.S.C. § 362(a) with regard to the Lease pursuant to the plain language of 11 U.S.C. § 362(b)(10) of the Code, which provides, in pertinent part, that:

> (b) The filing of a petition under section 301, 302, or 303 of this title…, does not operate as a stay—
>
> > (10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of non-residential real property that has *terminated* by the *expiration* of the stated term of the lease before the commencement of or *during* a case under this title to obtain possession of such property. (Emphasis added).

11 U.S.C. § 362(b)(10).

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

20.     Not only does the Settlement Order reflect the agreed upon terms reached by the parties during mediation, but the Settlement Order was also collectively prepared by the parties (and includes the names of counsel for each party).  More significantly, the Settlement Order contains a clear manifestation of intent by the parties to change the pre-existing expiration date of the Lease to March 31, 2016.[5]

21.     As pursuant to the parties' agreement the term of the Lease expired on March 31, 2016, it would be highly inequitable to require Valencia to accept the Debtor for an additional term simply because the Debtor has refused to vacate the Premises following the expiration of the bargained for end date of the Lease.  *See In re Foxfire Inn of Stuart Florida, Inc.*, 30 B.R. 30, 31 (Bankr. S.D. Fla. 1983).

22.     Accordingly, as the Lease has been terminated by its expiration during the pendency of the instant proceeding, the Debtor is not entitled to the protection of the automatic stay.

**III.    CONCLUSION**

Based upon the foregoing, Creditor/Landlord, VALENCIA SQUARE RETAIL, LLC, respectfully requests that this Court enter an Order (i) granting Valencia relief from the automatic (ii) deeming that the Lease is not unexpired and assumable pursuant to 11 U.S.C. § 365; (iii) granting such other and further relief as the Court deems just and proper.

WE HEREBY CERTIFY that we are admitted to the Bar of the United States District Court for the Southern District of Florida and are compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

---

[5] In fact, in reliance of the new expiration date of the Lease, Valencia immediately began negotiations and has entered into a lease agreement with a new tenant for the Premises in an effort to mitigate its damages.

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 9th day of May, 2016, with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter.

Respectfully submitted,

/s/David H. Haft
Ricardo A. Reyes (rar@tobinreyes.com)
Florida Bar No. 864056
David H. Haft (dhaft@tobinreuyes.com)
Florida Bar No. 68992
*Attorneys for Valencia Square Retail, LLC*
TOBIN & REYES, P.A.
225 N.E. Mizner Boulevard, Suite 510
Boca Raton, Florida 33432
Tel:    (561) 620-0656
Fax:    (561) 620-0657
Primary Email: eservice@tobinreyes.com
Secondary: mhorton@tobinreyes.com
Secondary: dboentgen@tobinreyes.com