**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

ANKOD ENTERPRISE, LLC                   CASE NO.     16-14706-EPK

    Debtor.                                CHAPTER     11

_____/

**CREDITOR VALENCIA SQUARE RETAIL, LLC'S SECOND RENEWED MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR EXPEDITED**
**HEARING**

    Creditor/Landlord, VALENCIA SQUARE RETAIL, LLC ("Valencia" or "Landlord"), by

and through undersigned counsel and pursuant to 11 U.S.C. §§ 362(d), 365, and Federal Rules of

Bankruptcy Procedure 6006(b) and 9014, hereby files this Second Renewed Motion for Relief

from the Automatic Stay and Request for an Expedited Hearing pursuant to Local Rule 9013-1(F)

(the "Motion"), stating as follows:

**PRELIMINARY STATEMENT**

    1.    For the sake of brevity, Valencia will not repeat the entire Background section

contained in its Motion for Relief [DE 26] or Renewed Motion for Relief [DE 45], but instead

respectfully refers the Court to the Background sections contained therein and incorporates those

sections by reference herein.

    2.    To the extent a lease (as defined below) exists subject to the provisions of 11 U.S.C.

§ 365, by way of this Motion, Valencia seeks authority to terminate said lease and/or tenancy for

Debtor, ANKOD ENTERPRISE, LLC's ("Debtor" or "Ankod")[1] remittance of a rent payment

---

[1] The Debtor operates the premises that is the subject of this Motion under the fictitious name "Aunt D's Child Care of Palm Beach."

lacking sufficient funds and failure to make timely payment of post-petition rent and to take such further action as may be required to regain possession of the subject premises.

## **BACKGROUND**

3.      On March 31, 2016 (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code").

4.      The Debtor, as tenant, leases certain non-residential real property located at 6609 Woolbright Road, Bay 400, Boynton Beach, Florida 33437 (the "Premises") from Valencia, as successor in interest to Woolbright Jog, LLC (the original landlord), pursuant to a real property lease dated August 25, 2009 (the "Lease").

5.      The Debtor purportedly conducts its business operations (a children's day care center), to the extent it may still have any ongoing operations, at the Premises.

6.      As of the Petition Date, the balance due to Valencia under the terms of the Lease from the Debtor for pre-petition rent was $148,281.30.  Through the filing of this Motion, Debtor's pre-petition arrears remains unsatisfied.

7.      Pursuant to the terms of the Lease, the Debtor is obligated to pay rent, sales tax, and other amounts, as more particularly described in the Lease, with the minimum rent and associated sales tax payable monthly in advance on the first day of each and every month during the term of the Lease.  The Lease further provides that if any payment of rent is not paid within five (5) days after such amount is due, then, in addition to the payment then due, Debtor shall immediately pay as additional rent a late charge equal to the greater of Two Hundred Fifty Dollars ($250.00) or five percent (5%) of all sums past due.  *See* Lease at Section 11.11.

8.      In addition to the clear and unambiguous payment requirements spelled out in the Lease, this Court has *repeatedly* (as recently as July 27, 2016) cautioned the Debtor concerning

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432

the consequences of failing to make all of its post-petition rent payments in a timely manner in accordance with the terms of the Lease.

9.      Notwithstanding the clear language of the Lease and considerable warnings from the Court on numerous occasions, the Debtor has engaged in a pattern of non-compliance including, but not limited to, frequent untimely payments of rent.

10.     Most recently, and perhaps its most egregious act of non-compliance, the Debtor attempted to tender payment to Valencia for the August, 2016 rent due under the Lease despite knowingly lacking sufficient funds in its Debtor-In-Possession Operating Account (the "Account").

11.     Specifically, on or about August 5, 2016, the Debtor remitted Check No. 1013 (the "Check") out of the Account in the amount of $13,691.00 to Valencia for payment of August rent under the Lease.  The Check was deposited by Valencia into its Wells Fargo Bank, N.A. account on August 5, 2016.

12.      However, and despite Debtor's representation that sufficient funds were available in the Account, on August 10, 2016, the Check was returned to Valencia by Wells Fargo for non-sufficient funds.  A copy of Valencia's print out from Wells Fargo evidencing the deposit of the Check on August 5, 2016 and subsequent return for non-sufficient funds on August 10, 2016 is attached hereto as **Exhibit "A."**

## RELIEF REQUESTED

13.     To the extent the Lease is subject to section 365, the Debtor is required to pay the post-petition rent due under the Lease pursuant to the plain language of 11 U.S.C. § 365(d)(3) of the Code, which provides, in pertinent part, that:

> The trustee *shall timely* perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after

> the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. (Emphasis added).

11 U.S.C. § 365(d)(3).  By remitting the Check despite the absence of available funds in the Account, the Debtor is in default of its obligations under the terms of the Lease and has failed to comply with Section 365(d)(3) of the Code.

14.     Moreover, the return of the Check for non-sufficient funds suggests that there is ongoing financial mismanagement by the Debtor in the operation of its business.  As discussed below, such financial mismanagement puts Valencia at risk of harm and constitutes sufficient cause for granting Valencia relief from the automatic stay under 11 U.S.C. § 362(d).

15.     Section 362(d)(1) is intended to "balance the interests of the creditors and the debtor."  *See, e.g., In re Indian Palms Association, Ltd. (Nantucket Investors v. California Federal Bank),* 61 F. 3d 197 (3rd Cir. 1995).  While the term "cause" is not defined in 11 U.S.C. § 362(d)(1), courts decide whether cause exists to lift the stay on a case-by-case basis.  *See In re Murray Industries, Inc.,* 121 B.R. 635, 636 (Bankr. M.D. 1990) (citing *In re McDonald*, 755 F. 2d 715, 717 (9th Cir. 1985)).  The court looks to the totality of the circumstances in each particular case when making this determination.  *See In re Bryan Road, LLC,* 382 B.R. 844 (Bankr. S.D. Fla. 2008).

16.     Here, based on the continued failures of the Debtor to comply with its obligations under the Lease, in addition to the financial mismanagement displayed by the Debtor, the balancing test weighs overwhelmingly in Valencia's favor, and cause exists to lift the stay.  *See In re Taylor,* 1997 WL 642559, at *1 (S.D.N.Y 1997).

**<u>CONCLUSION</u>**

Based upon the foregoing, Creditor/Landlord, VALENCIA SQUARE RETAIL, LLC, respectfully requests that this Court enter an Order granting Valencia relief from the automatic stay and for such other and further relief as the Court deems just and proper.

WE HEREBY CERTIFY that we are admitted to the Bar of the United States District Court for the Southern District of Florida and are compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 11th day of August, 2016, with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter.

Respectfully submitted,

/s/David H. Haft
Ricardo A. Reyes (rar@tobinreyes.com)
Florida Bar No. 864056
David H. Haft (dhaft@tobinreyes.com)
Florida Bar No. 68992
A*ttorneys for Valencia Square Retail, LLC*
TOBIN & REYES, P.A.
225 N.E. Mizner Boulevard, Suite 510
Boca Raton, Florida 33432
Tel:    (561) 620-0656
Fax:    (561) 620-0657
Primary Email: eservice@tobinreyes.com
Secondary: mhorton@tobinreyes.com
Secondary: dboentgen@tobinreyes.com

TOBIN & REYES, P.A.
MIZNER PARK OFFICE TOWER • 225 N. E. MIZNER BOULEVARD, SUITE 510 • BOCA RATON, FLORIDA • 33432